**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

MIEKE BAYNE and ALYSSA HART, individually on behalf of themselves and all others similarly situated,

   Plaintiffs,

  -against-

TARGET CORPORATION,

   Defendant.
_____

1:21-CV-05938 (AJN)

**DEFENDANT TARGET CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY....................................................................................................... 2

STANDARD OF REVIEW ....................................................................................................... 3

ARGUMENT .............................................................................................................................. 4

    A.    Target's Motion to Dismiss has Substantial Grounds......................................... 4

    B.    Plaintiffs' Intention to Certify This Case as a Class Action Signals Broad and
           Burdensome Discovery ...................................................................................... 6

    C.    Plaintiffs' Will Not Be Prejudiced by Any Stay ................................................ 8

CONCLUSION ........................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Bethpage Water Dist. v Northrop Grumman Corp.*,
　2014 US Dist LEXIS 168468 (E.D.N.Y. 2014) ........................................................................ 3

*Chrysler Capital Corp. v. Century Power Corp.*,
　137 F.R.D. 209 (S.D.N.Y. 1991) ............................................................................................. 3

*Diaz v. Paragon Motors of Woodside, Inc.*,
　424 F. Supp. 2d 519 (E.D.N.Y. 2006) ..................................................................................... 5

*Goshen v. Mut. Life Ins. Co. of New York*,
　98 N.Y.2d 314 (2002) .............................................................................................................. 5

*In re Currency Conversion Fee Antitrust Litig.*,
　2002 US Dist LEXIS 974 (SDNY, 2002) ................................................................................ 3

*In re GM LLC Ignition Switch Litig.*,
　2016 U.S. Dist. LEXIS 92499 (S.D.N.Y. July 15, 2016) ......................................................... 5

*Landis v N. Am. Co.*,
　299 US 248 (1936) ................................................................................................................... 3

*Sitt v. Nature's Bounty, Inc.*,
　2016 U.S. Dist. LEXIS 131564 (E.D.N.Y. Sep. 26, 2016) ....................................................... 6

*Spinelli v NFL*,
　2015 US Dist LEXIS 155816 (SDNY, 2015) .......................................................................... 8

*Thomas v. New York City Dep't of Educ.*,
　2010 U.S. Dist. LEXIS 95798 (E.D.N.Y. 2010) ...................................................................... 3

*Walsh v. Ford Motor Co.*,
　807 F.2d 1000 (D.C. Cir. 1986) ............................................................................................... 5

**Statutes**

15 U.S.C. § 2310(d)(3)(C) ............................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 2, 8

Fed. R. Civ. P. 26(c)(1) ................................................................................................................ 3

Fed. R. Civ. P. 9(b) ...................................................................................................................... 6

N.Y.C.P.L.R. 3016(b) .................................................................................................................. 6

New York General Business Law § 349 .................................................................................. 5, 6

New York General Business Law § 350 .................................................................................. 5, 6

Defendant Target Corporation ("Target" or "Defendant"), respectfully submits this Memorandum of Law in support of its request that this Court stay discovery in this action pending a decision with regard to Defendant's motion to dismiss the Amended Complaint of Plaintiffs Mieke Bayne ("Bayne") and Alyssa Hart ("Hart and, with Bayne, "Plaintiffs") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a valid cause of action (ECF Docket Nos. 27-29; the "Motion").

## PRELIMINARY STATEMENT

As further explained in Defendant's memorandum of law in support of the Motion (ECF Docket No. 28), Plaintiffs have not set forth any actionable claim in either their amended complaint or their initial complaint. Plaintiffs have merely asserted they had purchased an unspecified product from Target that did not function properly for as long as they had expected and, rather than seek a refund of the purchase price or replacement of the defective item, Plaintiffs rushed into federal court hoping to recover a windfall award. Plaintiffs and their counsel further contend that Plaintiffs should represent a nationwide class of consumer and a subclass of New York consumers who purchased some unspecified product(s) on the grounds that they share some unidentified defect. Plaintiffs have filed two nearly identical complaints in this action, and attached a purported (but wholly insufficient) "notice" of the alleged defect to their amended complaint, but have yet to identify in any of these papers the product(s) Plaintiffs allegedly purchased, the price paid for them, what the alleged defect is, how the alleged defect manifested itself, or any damages suffered by either Plaintiff. Moreover, Target has offered Plaintiffs a full refund, asking only that Plaintiffs identify the product(s) purchased and the price they paid to facilitate the refund. Plaintiffs have refused to respond to this offer.

1

Plaintiffs' bad-faith money grab is completely meritless, and Target has moved for dismissal of each and every of Plaintiffs' claims, all of which fail as a matter of law.[1] Moreover, as Plaintiffs have already amended their complaint to cure the obvious pleading defects, and utterly failed to do so, Plaintiffs' amended complaint should be dismissed with prejudice. Target submits, therefore, that the pending Motion will definitively resolve this action. Plaintiffs' pleading does not establish any right to further discovery, and Target will be substantially prejudiced by having to undergo discovery while the Motion is pending. Accordingly, Target respectfully requests that this Court stay all discovery, including the initial exchange of information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, until it has rendered a decision on the pending Motion.

## **PROCEDURAL HISTORY**

Plaintiffs initiated this action by filing a purported class action complaint on July 9, 2021 (ECF Docket No. 1, the "Complaint"). Defendant brought a timely motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Docket Nos. 13-16). Pursuant to this Court's Individual Practices in Civil Cases, Rule F, Plaintiffs opted to respond to Defendant's motion by filing an amended complaint (ECF Docket No. 21, the "AC"), which they did on September 21, 2021. Pursuant to the order of this Court entered September 2, 2021 (ECF Docket No. 19), Defendant's time to respond to the AC was extended to October 19, 2021. Defendant filed its Motion to dismiss the AC pursuant to Fed. R. Civ. P. 12(b)(6) on October 12, 2021 (ECF Docket Nos. 27-29). The Motion is currently pending. An Initial Pretrial Conference is scheduled for

---

[1] Plaintiffs assert claims for breach of implied warranty, a claim under the Magnuson Moss Warranty Act, claims under the New York General Business Law, and common-law claims for fraudulent omission and unjust enrichment. Target seeks dismissal of each of these claims. Should the Motion be granted entirely, no claims against Target would survive.

2

October 15, 202 (*see* ECF Docket No. 23). No discovery has been served or exchanged as of the date of this memorandum, and neither party has served disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure, a district court may stay discovery for "good cause." Fed. R. Civ. P. 26(c)(1). *See also Bethpage Water Dist. v Northrop Grumman Corp.*, 2014 US Dist LEXIS 168468, at *3 (E.D.N.Y. 2014) (same). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v N. Am. Co.*, 299 US 248, 254 (1936). Although "[t]he pendency of a dispositive motion is not, without more, grounds for an automatic stay," *Thomas v. New York City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 95798 (E.D.N.Y. 2010), "Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'does not appear to be without foundation in law.'" *In re Currency Conversion Fee Antitrust Litig.*, 2002 US Dist LEXIS 974, at *5 (SDNY, 2002) (citing *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991)). "Other factors courts consider in weighing whether to grant a stay of discovery include the breadth of discovery and the burden of responding to it, as well as the unfair prejudice to the party opposing the stay." *In re Currency Conversion Fee Antitrust Litig.*, 2002 US Dist LEXIS 974, at *5 (internal citations omitted).

As set forth below, each of these factors weighs in favor of staying discovery until the Court renders a decision as to the Motion.

3

**ARGUMENT**

For the reasons set forth in Target's Motion, the AC should be dismissed in its entirety, with prejudice. As the Motion is both dispositive and has substantial grounds, discovery has the potential for substantial breadth because Plaintiffs' intend to pursue class-action certification, and as there will be no prejudice to any party if discovery is stayed, Defendant's instant request to stay discover should be granted.

**A.     Target's Motion to Dismiss has Substantial Grounds**

The basis for Target's Motion is set forth in its supporting brief, and will not be repeated at length here. Briefly, however, Plaintiffs have listed six causes of action in the AC, none of which plead a viable claim.

*First*, Plaintiffs have failed to state a claim for breach of implied warranty. Neither the Complaint nor the AC actually identifies any product Plaintiffs' allegedly purchased, and Plaintiffs failed to provide any notice of any alleged defect to Target before initiating this suit. The purported notice letter provided to Target after Defendant had filed its initial motion to dismiss the Complaint did not adequately provide notice of anything to Target, as Plaintiffs still refused to identify the product, purchase price, defect or any damage resulting therefrom. The cut-and-paste AC similarly fails to allege any of these facts. Further, Plaintiffs have refused Target's offer to refund the amounts paid for the products, precisely as the U.C.C. is intended to operate. Plaintiffs reliance on online reviews of differing products – at least some of which cannot be the products Plaintiffs allegedly purchased – and a smattering of complaint made to the Consumer Product Safety Commission regarding various products do not establish that Target was on notice of any defect Plaintiffs allege. The breach of implied warranty claim will be dismissed.

*Second*, Plaintiffs' Magnuson Moss Warranty Act ("MMWA") claim fails as a matter of law both because the number of named plaintiffs in the AC is less than one hundred (*see* 15 U.S.C. § 2310(d)(3)(C)) and because "[t]he MMWA . . . creates no additional bases for liability, but allows a consumer to recover damages under existing state law, and attorneys fees." *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006) (citing *Walsh v. Ford Motor Co.*, 257 U.S. App. D.C. 85, 807 F.2d 1000, 1012 (D.C. Cir. 1986)). As a result, "if a Plaintiff's state law warranty claim is dismissed, so is his or her MMWA claim." *In re GM LLC Ignition Switch Litig.*, 2016 U.S. Dist. LEXIS 92499, at *154 (S.D.N.Y. July 15, 2016). Here, as Plaintiffs have no viable state law warranty claim, the MMWA claim must also be dismissed.

*Third*, Plaintiffs' New York General Business Law ("NYGBL") § 349 claim fails both because Plaintiffs have not alleged any damages, other than their payment for the products (which Target has offered to refund entirely), and because Plaintiffs have not identified any deception on the part of Target with regard to the products Plaintiffs allegedly purchased. Plaintiffs identify no misleading statement or representation with regard to the products – indeed, how could they, as they cannot even identify the products themselves? For the same reasons, Plaintiffs' claim under NYGBL § 350 fail, as Courts in New York apply the same standards with respect to claims pursuant to both NYGBL § 349 and § 350. *See Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 324 (2002) (stating the standard of recovery under NYGBL § 350 is identical to § 349). Plaintiffs' failure to plead any actual deception on the part of Target or any actual harm suffered is fatal to each of their claims arising under the NYGBL.

*Fourth*, Plaintiffs have not pleaded a claim for fraudulent omission against Target. Plaintiffs have failed to allege with particularity that Target owes any duty to them, or that they relied on any alleged omission by Target. Their conclusory allegations do not fulfill the pleading

5

requirements of Fed. R. Civ. P. 9(b) or N.Y.C.P.L.R. 3016(b). Furthermore, Plaintiffs have, again, failed to plead that Target had any knowledge of any alleged defect, or that Plaintiffs have suffered any injury, and Plaintiffs have also failed to allege any intent on the part of Target to defraud Plaintiffs or any other customers.

*Fifth*, Plaintiffs' unjust enrichment claim fails as a matter of law because it is merely duplicative of their failed claims under the NYGBL and for breach of warranty. *See Sitt v. Nature's Bounty, Inc.*, 2016 U.S. Dist. LEXIS 131564, at *59-60, 2016 WL 5372794 (E.D.N.Y. Sep. 26, 2016) (dismissing an unjust enrichment claim where "[b]ecause [p]laintiff's unjust enrichment claims under New York law [were] based on the same allegations as her claims of violations of GBL sections 349 and 350 and breach of express warranty under New York law, and because [p]laintiff ha[d] not shown how her unjust enrichment claim differs from her other New York claims, Plaintiff's unjust enrichment claim under New York law is duplicative of her other New York claims").

*Finally*, not only will the Motion result in the dismissal of each of the foregoing claims and, therefore, the entirety of the Complaint, such dismissal should be made with prejudice, as Plaintiffs have already received multiple opportunities to state a claim against Target and failed to do so. It is clear that Plaintiffs have no viable claim whatsoever. Defendant submits, therefore, that resolution of the Motion will result in a final disposal of this case, completely obviating the need for any discovery or further litigation.

**B.     Plaintiffs' Intention to Certify This Case as a Class Action Signals Broad and Burdensome Discovery**

While Defendants cannot fully anticipate the discovery demands Plaintiffs might serve if they are permitted to proceed, it is clear from the AC that they intend to cast a wide net and engage in a broad fishing expedition to find some sort of facts that can support their conclusory allegations.

6

Although the AC is completely devoid of any facts that could be used to identify an appropriate class, Plaintiffs purport to represent a class of "all person in the United States who purchased the Product." (AC ¶ 39). Of course, Plaintiffs' have not defined the "Product," and they apparently intend to represent every person in the country who has ever purchased anything with the "heyday" brand name on it from any Target store. Target is one of the largest retailers in the country, with hundreds of stores and a substantial online business, and has sold millions of products with the "heyday" brand name. The scope of potential discovery addressing each of these purchases is immense, and entirely unsupported by Plaintiffs' claims.

If there is any doubt as to Plaintiffs' intentions to seek discovery of every document relating to "heyday" branded products (with no apparent temporal limitation), the AC clearly evidences Plaintiffs' gambit. The AC includes references to online reviews for a number of different "heyday" branded products (AC ¶¶ 23-29) and Plaintiffs themselves represent that "Target has sold hundreds of thousands of Heyday Chargers." (AC ¶ 21). It is obvious that Plaintiffs intend to seek discovery about every product Target has ever sold under the "heyday" brand, regardless of whether Plaintiffs themselves purchased such product and despite their continued failure to even identify the merchandise they allegedly bought. Moreover, because of this precise issue, the Parties and the Court will be unable to determine whether any discovery request is relevant and if its corresponding burden and/or scope is proportional to the needs of the case, as is required under Rule 26.

The enormous breadth of discovery would be extraordinarily burdensome to Defendant, and Plaintiffs have not pleaded any facts suggesting they are entitled to engage in such a fishing expedition. Discovery should therefore be stayed pending this Court's decision of the Motion.

C. **Plaintiffs' Will Not Be Prejudiced by Any Stay**

Finally, there is no conceivable prejudice Plaintiffs might suffer from a stay, other than a potential delay in completing fact discovery.[2] However, "a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli v NFL*, 2015 US Dist LEXIS 155816, at *6 (SDNY, 2015). Moreover, any delay will be short, as the Motion has already been submitted and will be fully briefed in short order. Any inconvenience Plaintiffs may suffer from a delay in discovery is more than outweighed by the burden that Defendants would suffer from engaging in a broad, expensive discovery process regarding claims that are completely devoid of merit on their face. This is even more true when Target has offered to make Plaintiffs whole. Therefore, Defendants' instant request for a stay of discovery should be granted.

## CONCLUSION

For the reasons set forth above, Defendant Target Corporation's request for a stay of all discovery pending this Court's decision as to Target's pending motion to dismiss Plaintiffs' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be granted, and the Court should award such other relief it deems just and equitable.

Dated:  Minneapolis, Minnesota
　　　　October 12, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ David J. Carrier
　　　　　　　　　　　　　　　　　　　　　　　　　　　　David J. Carrier, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(admitted pro hac vice)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Matthew A. Beyer, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Lewis Brisbois Bisgaard & Smith LLP
　　　　　　　　　　　　　　　　　　　　　　　　　　　　90 South 7th Street, Suite 2800
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (612) 428-5000

---

[2] However, Target notes that the proposed case scheduling order provides ample time for discovery after the Court decides the Motion.

                Facsimile: (612) 428-5001
                david.carrier@lewisbrisbois.com
                *Attorneys for Defendant*

CC (via electronic filing):

Max Stuart Roberts
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
Mroberts@bursor.com
*Attorneys for Plaintiffs*