**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIEKE BAYNE and ALYSSA HART, individually on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>   vs.<br><br>TARGET CORPORATION,<br><br>               Defendant. | Civil Action No. 1:21-cv-05938 (MKV)<br><br>**Defendant Target Corporation's Memorandum of Law in Support of its Motion for Reconsideration** |

# Table of Contents

Table of Authorities ........................................................................................... ii

Introduction ...................................................................................................... 1

Factual Background ......................................................................................... 2

    I.    The Product ....................................................................................... 2

    II.    The Lawsuit ........................................................................................ 2

Argument ......................................................................................................... 4

    I.    Even if Plaintiffs' notice was timely, it is still factually insufficient .......................................................................................... 4

    II.    Nearly every courts in this District has required pre-litigation notice to comply with N.Y. U.C.C. § 2-607(3) which Plaintiffs did not provide ........................................................................................... 6

        A.    The authority relied upon in the Order does not support that filing a complaint—without more—is sufficient to preserve a claim under U.C.C. § 2-607 ........................................ 7

        B.    This Circuit's case law weighs heavily in favor of requiring pre-litigation notice to preserve a claim under U.C.C. § 2-607 ........................................................................... 13

        C.    Policy considerations support that pre-litigation notice is required ...................................................................................... 15

Conclusion ....................................................................................................... 17

# Table of Authorities

**Page(s)**

## Cases

*Barton v. Pret A Manger (USA) Ltd.,* 535 F. Supp. 3d 225, 248 (S.D.N.Y. 2021) ....................................................................... 4, 11, 13, 14

*Budhani v. Monster Energy Co.,* 20-cv-1409 (LJL), 2021 WL 1104988 (S.D.N.Y. Mar. 22, 2021) ................................................................ 14

*Campbell v. Whole Foods Mkt. Grp.,* 516 F. Supp. 3d 370, (S.D.N.Y. 2021) ................................................................................................... 9

*Chung v. Igloo Prod. Corp.,* No. 20-CV-4926 (MKB), 2022 WL 2657350 (E.D.N.Y. July 8, 2022) .............................................................. 9

*Colella v. Atkins Nutritionals Inc.,* 348 F. Supp. 3d 120 (E.D.N.Y. 2018)............. 9, 14

*Colpitts v. Blue Diamond Growers,* 20 Civ. 2487 (JPC), 2021 WL 981455 (S.D.N.Y. Mar. 16, 2021) ................................................... 14

*Cosgrove v. Or. Chai, Inc.,* 19 Civ. 10686 (KPF), 520 F.Supp.3d 562 (S.D.N.Y. Feb. 21, 2021) ................................................................ 14

*Great Am. Ins. Co. v. M/V HANDY LAKER,* No. 96 CIV. 8737 (BSJ), 2002 WL 32191640 (S.D.N.Y. Dec. 20, 2002) ....................................... 15

*Grossman v. Simply Nourish Pet Food Co. LLC,* No. 20-CV-1603 (KAM)(ST), 516 F. Supp. 3d 261, 2021 WL 293774 (E.D.N.Y Jan. 27, 2021)................................................................................................ 14

*Hubbard v. Gen. Motors Corp.,* No. 95 Civ. 4362, 1996 WL 274018 (S.D.N.Y. May 22, 1996)................................................................... 14

*In re 5-Hour ENERGY Mktg. & Sales Pracs. Litig.,* No. MDL132438PSGPLAX, 2015 WL 12734796 (C.D. Cal. Jan. 22, 2015)...................................................................................................... 5, 6

*In re Frito-Lay,* 2013 WL 4647512, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, (E.D.N.Y. Aug. 29, 2013) .......................................... 4, 14

*Koenig Iron Works, Inc. v. Sterling Factories, Inc.,* No. 89 CIV. 4257 (THK), 1999 WL 178785 (S.D.N.Y. Mar. 30, 1999)............................ 15

*Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226 (S.D.N.Y. 2020)............................................................................................... 9, 11, 13, 16

*Mendelson v. Gen. Motors Corp.*, 105 Misc.2d 346, 432 N.Y.S.2d 132 (Sup.Ct.1980) ...................................................................................... 8, 9

*Mid Island LP v. Hess Corp.,* 983 N.Y.S.2d 204 (N.Y. Cnty. Sup. Ct. Dec. 2, 2013) ........................................................................................ 10

*Niles v. Beverage Mktg. USA, Inc.*, No. CV191902SJFARL, 2020 WL 4587753 (E.D.N.Y. Apr. 16, 2020).......................................................... 14

*Oldrey v. Nestle Waters N. Am., Inc.*, No. 21 CV 03885 (NSR), 2022 WL 2971991 (S.D.N.Y. July 27, 2022) ......................................................... 13

*Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D.2d 690, 662 N.Y.S.2d 584 (2d Dep't 1997)...........................................................................passim

*Patellos v. Hello Prod., LLC*, 23 F. Supp. 3d 523 (S.D.N.Y. Mar. 4, 2021)............................................................................................... 13

*Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735, 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) ................................................................... 11

*Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533 (S.D.N.Y. 2013) ................................... 14

*Richards v. Johnson & Johnson, Inc.*, No. 17-CV-178, 2018 WL 6573332 (N.D.N.Y. Dec. 13, 2018) ...................................................... 9

*Singleton v. Fifth Generation, Inc.*, No. 15 Civ. 0474 (BKS) (TWD), 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016).............................................. 4

*Standard Alliances Indus., Inc. v. The Black Clawson Co.*, 587 F.2d 813 (6th Cir. 1978)............................................................................... 5

*Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251 (E.D.N.Y. 2014)................................................................................ 5, 9, 10

*Tomasino v. Estee Lauder Companies, Inc.*, No. 13-CV-4692 ERK RML, 2015 WL 4715017 (E.D.N.Y. Aug. 7, 2015) ........................................... 9

*United States v. Heicklen*, 858 F. Supp. 2d 256 (S.D.N.Y. 2012) ................................. 9

*Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268 (S.D.N.Y. 2021)...................... 13

*Wyandotte Indus., Div. of First Hartford Corp. v. E.Y. Neill & Co.*, 63 B.R. 479 (Bankr.S.D.N.Y.1986) ............................................................ 10

## Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................... 3

Fed. R. Civ. P. 60(b) .................................................................................... 1

Local Rule 6.3 .............................................................................................. 1

## Statutes

N.Y. U.C.C. § 2-313 ..................................................................................... 3

N.Y. U.C.C. § 2-508 ..................................................................................... 8

N.Y. U.C.C. § 2-607 ............................................................................. passim

N.Y. U.C.C. § 2-607(3) ........................................................................ passim

Pursuant to Fed. R. Civ. P. 60(b) and Local Rule 6.3, Defendant Target Corporation by and through its undersigned counsel submits this Memorandum of Law in Support of its Motion for Reconsideration. For the reasons set forth below, Defendant respectfully requests this Court grant its Motion and reconsider its Order declining to dismiss Plaintiffs' breach of implied warranty claim.

## Introduction

Target seeks reconsideration of the Court's Order granting in part and denying in part its Motion to Dismiss (ECF No. 51) for two reasons that independently sufficient to dismiss the remaining breach of implied warranty claim. First, regardless of whether a complaint may serve as the initial notice of such a breach, Plaintiffs' Complaint failed to provide "notice" at all and did not adequately plead information that is required for an sufficient notice under New York law. For that reason alone, the Court should dismiss the remaining count.

Second, several courts in this Circuit, including a case upon which this Court relies in its analysis, have demonstrated that the language in Panda Capital upon which the Court relies and referred to as unequivocal, is actually equivocal when the entire sentence is read as a whole. And when Panda City is read in context, it does not stand for the broad rule that a complaint serves as adequate notice of breach under N.Y. U.C.C. § 2-607(3) without something more. Here, Plaintiffs do not have anything more, and therefore the Complaint was insufficient to provide notice under New York law. For these reasons, Defendant respectfully requests the Court reconsider its Order and dismiss Plaintiffs' breach of implied warranty claim.

**Factual Background**

**I.      The Product**

Target sells a vast array of "Heyday" brand technology accessories, including charging cables. The Heyday charging cables come in many varieties, including variations in colors, cord lengths, types of USB ports and plug-ins, types of device compatibilities, and more. (Declaration of D. Carrier ("Carrier Decl."), ECF. No. 29, ¶ 5.)[1] Target provides an express one-year warranty with all of the "Heyday" charging cables which is stated directly on its website. The warranty provides that the products may be returned in exchange for a full refund up to 365 days from the date of purchase.

**II.     The Lawsuit**

Plaintiffs Mieke Bayne ("Bayne") and Alyssa Hart ("Hart") (collectively, "Plaintiffs") each allege that they purchased a Heyday brand charging cable from Target that malfunctioned within a week of purchase. (ECF No. 21, Amended Complaint "AC" at ¶¶ 6–10.) Neither Plaintiff identifies specifically what particular type of cable they bought.

It is undisputed that neither Plaintiff provided Target with pre-litigation notice of their complaints about the allegedly defective cables and that they failed to plead any allegations as to providing pre-litigation notice. Additionally, neither Plaintiff elected to make use of Target's one-year express warranty and simply return the allegedly defective cables for a full refund. Instead, Plaintiffs charged

---

[1] The Carrier Declaration was initially filed at ECF No. 29 with Target's Motion to Dismiss.

straight to federal court and filed a class action complaint on July 9, 2021. (ECF Docket No. 1, the "Complaint.")

Defendant brought a timely motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 13–16). Pursuant to this Court's Individual Practices in Civil Cases, Rule F, Plaintiffs opted to respond to Defendant's motion by filing the AC, which they did on September 21, 2021. Realizing their mistake in failing to provide pre-suit notice, on August 31, 2021, Plaintiffs' counsel sent a demand letter ("Demand Letter") to the Defendant's headquarters, generally, articulating the same concerns from the Complaint prior to their filing of the AC. (AC at ¶ 94.) The demand letter did not identify the products purchased and demand class relief. (ECF No. 21-1.) Plaintiffs allege that this post-suit notice constituted adequate notice under N.Y. U.C.C. §§ 2-313 and 2-607. (AC at ¶ 94.)

Defendant filed a Motion to Dismiss (ECF No. 28) on October 12, 2021 requesting that each of Plaintiffs' claims be dismissed. On September 23, 2022, this Court entered an Order granting Defendant's Motion with regard to each claim except for the claim for breach of implied warranty. (ECF No. 51, Order at 12.) The Court premised this conclusion on an analysis of New York case law that it read to permit the filing of a complaint as sufficient notice under N.Y. U.C.C. § 2-607.

Defendant now files this Motion for Reconsideration respectfully requesting that the Court reconsider its decision not to dismiss Plaintiffs' breach of implied warranty claim, as: (1) even if the Complaint in this case could provide the required timely notice, it is so factually insufficient that it still failed to preserve Plaintiffs'

claims under New York law; and (2) the authority upon which the Court relied in its Order does not stand for the proposition that filing a complaint, without more, is sufficient to preserve a claim under Section 2-607, and Plaintiffs did not provide timely, pre-litigation notice of the alleged breach.

## Argument

### I.    Even if Plaintiffs' notice was timely, it is still factually insufficient.

Even if this Court refuses to reconsider its conclusion as to whether as complaint can satisfy the N.Y. U.C.C. § 2-607(3) notice requirement, the pleading in this case is so factually insufficient such that Target has still never received adequate notice of the claim as required by § 2-607(3). For this independent reason, the Court should reconsider its ruling and dismiss the breach of warranty claim.

In order for notice to be sufficient for purposes of bringing a breach of warranty claim, the buyer must put the seller on notice of the problems that the buyer had with the *particular product. Barton v. Pret A Manger (USA) Ltd.*, 535 F. Supp. 3d 225, 245 (S.D.N.Y. 2021); *see also In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 RRM RLM, 2013 WL 4647512, at *28 (E.D.N.Y. Aug. 29, 2013) ("[T]he notice requirement is met when the seller is somehow apprised of the trouble with the particular product purchased by a particular buyer"). Vague complaints about dissatisfaction with a transaction are not enough; the party allegedly in breach must be able to ascertain from the notice who is asserting a claim against them, for what product, and why. *See id*. Where, as here, a plaintiff provides notice that does not indicate which product they used and have complaints

about, the notice is insufficient as a matter of law. *Tomasino v. Estee Lauder Companies Inc.*, 44 F. Supp. 3d 251, 261 (E.D.N.Y. 2014).

   *Tomasino* is on-point on this issue. There, plaintiffs pleaded a breach of warranty claim "for the ANR products,"[2] but failed to identify *which* ANR products plaintiffs alleged were at issue. *Id.* Accordingly, the court determined that the plaintiffs did not provide adequate notice of their claims in part because it was impossible to identify the product at issue.

   Here, Plaintiffs did not plead sufficient facts either in the Amended Complaint or in the Demand Letter such to provide adequate notice of their claim. Most importantly, Plaintiffs never identify the product at issue. Plaintiffs allege complaints relating to "the Heyday Charging Cable" (*see generally* AC), but they utterly fail to identify the particular type of cable at issue. This is despite the fact that Heyday manufactures and sells a great deal of charging cables in various lengths, colors, styles, materials, and device compatibilities. (*See, e.g.* Am. Compl. ¶¶ 25, 26, 29, 32) (citing reviews that refer to a braided cable, a flat cable, a six-foot cord, a USB-A braided cable, and a phone charger and charge port.) And yet the products allegedly purchased by Plaintiffs are not identified as being the same, or not, as any of these.[3] This, of course, looks just like *Tomasino*—alleging complaints

---

[2] ANR—or advance night repair—is a sub-collection among Estee Lauder's products. There are additional similarities to this case. The "formal demand letter" sent by counsel for Tomasino and the putative class demanded class-wide relief without identifying the products that were purchased. (*See* ECF No. 21-1.)

[3] Of course, knowing which of these many products are at issue is vital to Target's defense and evaluation of this matter. Especially where Plaintiffs are pleading a class claim, Target requires knowledge of whether one type of its cables are at issue

with "the Heyday cables" is no different than the already-deemed inadequate complaints with "the ANR products." Moreover, Plaintiffs never identify the price paid, the date of purchase, of the store from which the products were purchased.[4]

Where Target cannot ascertain based on Plaintiffs' Complaint and/or Demand Letter which of its products are even at issue here—much less how the alleged failures even happened—there is simply insufficient information contained in the Plaintiffs' purported "notice."[5] Proper notice therefore has not been provided pursuant to N.Y. U.C.C. § 2-607(3), and this claim should be dismissed.

## II.   Nearly every court in this District has required pre-litigation notice to comply with N.Y. U.C.C. § 2-607(3) which Plaintiffs did not provide.

A close analysis of the New York state and federal case law applying Section 2-607(3) demonstrates that pre-litigation notice of an alleged breach must be required to pursue a breach of implied warranty claim. *See* N.Y. U.C.C. § 2-607(3).

_____

or if each and every Heyday cable sold at Target would be included in the claim. There is plainly not enough information provided here for Target to have meaningful notice of the claim being brought against it; it also renders later certification of this class impossible. See *In re 5-Hour ENERGY Mktg. & Sales Pracs. Litig.*, No. MDL132438PSGPLAX, 2015 WL 12734796, at *9 (C.D. Cal. Jan. 22, 2015) (dismissing breach of warranty claim under New York law with prejudice and stating that plaintiff's complaint could not serve as notice for the entire class).

[4] To be sure, even this Court's initial Order makes clear that there are ambiguities about the products at issue. (*See* Order at p. 2, n. 1 (noting that the Complaint identifies several versions of the cable without clarifying which cables are at issue); *id.* at p. 3., n. 3 (noting that Plaintiff Hart allegedly bought two Heyday Chargers but never clarifies whether the alleged malfunction happened to one of the cables or both.))

[5] Plaintiffs have had ample opportunity to identify the product at issue. Aside from the filing of the initial Complaint, Plaintiffs also thereafter sent a Demand Letter and filed an Amended Complaint. Plaintiffs had many chances to clarify their claims and simply elected not to. They should not be afforded another opportunity to replead.

Plaintiffs provided no such notice here. Because both case law from this Circuit as well as general policy considerations support the notion that for notice to be sufficient under N.Y. U.C.C. § 2-607(3) it must be provided pre-suit, Defendant respectfully requests the Court reconsider its ruling and hold that it must be provided to the seller before litigation is commenced.

### A. The authority relied upon in the Order does not support that filing a complaint—without more—is sufficient to preserve a claim under U.C.C. § 2-607.

The authority relied upon in the Order does not support a blanket rule that notice by pleading is sufficient under U.C.C. § 2-607. The Order relies on the first portion of a single sentence in *Panda Capital*, which itself appears to be dicta concerning an issue tangential to the case.[6] *See Panda Capital Corp. v. Kopo Int'l, Inc.*, 242 A.D.2d 690, 662 N.Y.S.2d 584, 586–87 (2d Dep't 1997). But the Order does not cite the second portion of that sentence, which unequivocally demonstrates that the plaintiff had actually provided notice of the alleged breach long before the complaint was ever filed. *See id.* at 692 ("This argument overlooks the fact that the complaint and subsequent amended complaint in this action themselves constituted such notice, *and that the plaintiff had repeatedly made its objections to Kopo's pattern of deficient performance known prior to the shipments reflected in the invoices*[]") (emphasis added). The *Panda Capital* court then immediately stated it

---

[6] This appears to be an alternative argument that was tangential to the essential issues of the case which arose under Section 2-717 and implicated different issues of notice regarding intent to offset due to breach of contract for part of the price under contract.

was "[u]nder *these* circumstances" that whether reasonably timely notice was provided was a fact issue. *Id.* (emphasis added).

Reliance on *Mid Island LP v. Hess Corp.* citing *Panda Capital* also does not compel the conclusion that a pleading alone is sufficient to discharge the Section 2-607(3) duty to provide notice. 41 Misc.3d 1237(A), 983 N.Y.S.2d 204, at *4 (N.Y. Cnty. Sup. Ct. Dec. 2, 2013). First, as this Court correctly notes, the entire discussion of notice in *Hess* is dicta. Second, it stands in contrast to what the New York intermediate appellate court actually held in *Panda Capital*, as explained above, and ignores the additional elements of notice central to the *Panda Capital* holding. Third, this singular trial court fails to cite any authority for its statement in dicta that "the mere fact that the buyer has chosen to drag the seller into court in the first instance does not prevent the seller from doing any of these things [offering to cure or remedy]; indeed, the normal rules of civil procedure are designed to accomplish exactly these tasks within the litigation process." *Id.* at *11. As demonstrated from the actual text of *Panda Capital*, this conclusion is cut from the *Hess* court from whole cloth.

Further, *Hess's* reference to U.C.C. § 2-508 and the right to cure is entirely irrelevant. Section 2-607 expressly provides that a seller has the *right* to have the buyer "notify the seller of breach *or be barred from remedy*." N.Y. U.C.C. § 2-607(3) (emphasis added). But permitting a complaint to serve as this notice renders the bar to remedy for failing to provide notice entire ineffective. Indeed, under this framework, the limitation would only ever arise if a first-noticing complaint were

filed after a statute of limitation or repose had run. In other words, if the only

condition to recovery were timely filing a complaint, then there would be no need for

the notice provision at all. Because courts must construe laws to give effect to all of

their words, this construction rendering an express provision of New York

superfluous and without meaning is unworkable.[7] *See United States v. Heicklen*,

858 F. Supp. 2d 256, 266 n.8 (S.D.N.Y. 2012) ("The Court must give effect to every

clause and word of the statute where possible, and accordingly declines to modify

the plain text of the statute in a way that renders one of its elements

meaningless[]").

---

[7] Further, as recently explained in *Chung v. Igloo Prod. Corp.*, No. 20-CV-4926
(MKB), 2022 WL 2657350, at *12 (E.D.N.Y. July 8, 2022), courts in each federal
district in New York have applied an exception to the pre-suit notice requirement.
*See id.*, (citing *Colella v. Atkins Nutritionals Inc.*, 348 F. Supp. 3d 120, 143–44
(E.D.N.Y. 2018) ("[a]lthough a minority of New York State cases suggest an
exception to the notice requirement in retail sales . . . the exception appears to be
exclusively applied when a party alleges physical, in addition to economic, injury.");
*Campbell v. Whole Foods Mkt. Grp.*, Inc., 516 F. Supp. 3d 370, 391 n.12 (S.D.N.Y.
2021) (same); *Lugones*, 440 F. Supp. 3d at 245 (following *Colella* and finding the
exception "inapplicable where . . . [the] [p]laintiffs have not alleged any physical or
personal injury as a result of [the] [d]efendant's alleged breach"); *Richards v.
Johnson & Johnson, Inc.*, No. 17-CV-178, 2018 WL 6573332, at *4 (N.D.N.Y. Dec.
13, 2018) (noting that the exception applies only to actions where personal injury is
pleaded and that a similar "distinct treatment of warranty claims in personal injury
cases is found in other jurisdictions"); *Tomasino v. Estee Lauder Companies, Inc.*,
No. 13-CV-4692 ERK RML, 2015 WL 4715017, at *4 (E.D.N.Y. Aug. 7, 2015)
(rejecting the plaintiff's contention that the retail sale exception applies, because
"every case . . . in which courts implementing New York law declined to apply the
notice requirement . . . amounted to a tort claim in which the plaintiff suffered some
personal injury"). If there is no pre-suit notice requirement, then there would be no
need for an exception to it. The language in 2-607(3) must be afforded its plain
meaning.

Contrary to the unpersuasive dicta in *Hess*, subsequent courts have more closely analyzed *Panda Capital* and understood the complete sentence to be instructive. *Tomasino*, 44 F. Supp. 3d at 262—which the Court quotes in footnote 5 of its Order to support its reading of *Panda Capital*—actually recognized the decision in *Panda Capital* relied on the pre-litigation objections and stated, "New York cases applying N.Y. U.C.C. § 2-607(3) suggest that a plaintiff's pleadings may constitute reasonable notice *in certain cases*." 44 F. Supp. 3d at 261 n.6 (emphasis added). Importantly, the *Tomasino* court did not declare a blanket rule arising from *Panda Capital*. Moreover, the same footnote in *Tomasino* also cites *Mendelson v. Gen. Motors Corp.*, 105 Misc.2d 346, 432 N.Y.S.2d 132, 136–37 (Sup.Ct.1980), which expressly states with regard to a separate state warranty statute that, "the prelitigation notice required by section 2-607(3)(a) is clearly not required by the Act."

Because it is clear from the language in *Panda* and *Tomasino* that a pleading could only suffice to provide notice as required by 2-607(3) in certain circumstances—and here Plaintiffs have pleaded none—there is unquestionably no blanket rule that rejects the New York Supreme Court's conclusion in *Mendelson* that prelitigation notice is required.[8]

---

[8] Notably, *Tomasino* provides even further support for the notion that Plaintiffs here missed their notice period. *See Tomasino*, 44 F. Supp. 3d at 261–62 (citing *Wyandotte Indus., Div. of First Hartford Corp. v. E.Y. Neill & Co. (In re First Hartford Corp.)*, 63 B.R. 479, 487 (Bankr.S.D.N.Y.1986) ("where . . . there has been a delay of nearly five months before any notification, the buyer had ample opportunity to and did in fact examine the goods, discovering the alleged defect, we hold that notification was untimely")). Accordingly, Courts have held, as a matter of

To be sure, Judge Failla provided a thorough and thoughtful analysis of *Panda Capital* in *Lugones v. Pete & Gerry's Organic, LLC*, which makes explicit what is recognized in *Tomasino* and which cannot be controverted—the statement in question from *Panda Capital* is equivocal:

> Insofar as Plaintiffs believe that *Panda Capital* stands for a broad rule that a filed complaint qualifies as sufficient and timely notice, Plaintiffs are mistaken. All that the *Panda Capital* court found was that where the plaintiff had both filed a complaint and an amended complaint and "had repeatedly made its objections to Kopo's pattern of deficient performance known ... it [was] at the very least an issue of fact as to whether reasonably timely notice of breach was given." *See* 662 N.Y.S.2d at 586-87. The Court does not believe that such an equivocal statement amounts to a binding rule that Plaintiffs' filed complaint, regardless of its temporal distance from the alleged breach of the warranty, satisfies N.Y. U.C.C. § 2-607(3)(a).

440 F. Supp. 3d 226, 244 (S.D.N.Y. 2020). Similarly, in *Barton*, Judge Woods recognized that the *Lugones* analysis was persuasive. 535 F. Supp. 3d 225, 248 (S.D.N.Y. 2021). And it is, beginning with the accurate assessment that "the statement in *Panda Capital* is equivocal." *Id.* (citing *Lugones*) (thus agreeing with *Tomasino*). Judge Woods also evaluated the reasoning in *Patellos v. Hello Prod., LLC*, 23 F. Supp. 3d 523 (S.D.N.Y. Mar. 4, 2021) (cited in this Court's Order as supporting its conclusion) and disagreed that the unquestionably equivocal statement in *Panda Capital* means that New York is in the minority of jurisdictions

---

law, that a delay of less than five months is unreasonable where the buyer had opportunity and did examine the goods and discovered the alleged defect. Here, Bayne waited longer than this, and the "notice" was plainly untimely.

and will not require pre-suit notice (and that dozens of courts in the various federal districts are incorrect).[9]

Moreover, *Panda Capital* is also so distinguishable from the facts of this case in a manner that is determinative. *Panda Capital* involved significantly more notice than what was provided here. In *Panda Capital*, the plaintiff has "repeatedly made its objections to [defendant]'s" conduct pre-litigation—there was notice by complaint, but there was also more. 662 N.Y.S.2d 584, 586–87. Here, the *only* alleged notice was the Complaint—which is insufficient as explained in the prior section—and the post-litigation demand letter that followed. Neither of these: (a) took place prior to the filing of the Complaint; or (b) were of the same repeated nature as was the case in *Panda Capital*. As such, *Panda Capital* is distinguishable and should not be applied to excuse the notice requirement here.

The authority relied upon in the Order does not stand unequivocally for the proposition that notice by pleading—without more—is sufficient to provide the requisite notice described by U.C.C. § 2-607. *Panda Capital* therefore is not instructive in this case.

---

[9] *Barton* also analyzed the ruling on *Patellos* and concluded "the "majority rule seems to be that the filing of a civil complaint will not operate as sufficient notice under Section 2-607." *Id*. The question is whether the equivocal statement in *Panda Capital* is by itself sufficient to place New York in the minority position." *Id*. at 248. Notably, no New York state court has even conducted any analysis that would demonstrate why it would take the minority position, nor cited any authority or proffered any reasoning in support of this conclusion. (*See Panda Capital* and *Hess*).

**B.** **This Circuit's case law weighs heavily in favor of requiring pre-litigation notice to preserve a claim under U.C.C. § 2-607.**

Beyond the characteristics of *Panda Capital* and *Hess* that do not compel a rule that a complaint satisfies the U.C.C.'s notice requirement, courts in not only this District but also this Circuit in great measure agree that pre-litigation notice is required to pursue a breach of implied warranty claim compliant with N.Y. U.C.C. § 2-607(3). While the Order highlights a split between a small number of cases in the Circuit regarding this issue, the total tally of the authority weighs heavily in favor or requiring pre-suit notice.

The courts in this District generally agree that timely, pre-litigation notice is required in order to bring an action for breach of warranty—a complaint alone is insufficient. *See Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 245 (S.D.N.Y. 2020) (dismissing plaintiff's breach of warranty claim for failure to provide pre-litigation notice); *Valcarcel v. Ahold U.S.A., Inc.*, 577 F. Supp. 3d 268, 282 (S.D.N.Y. 2021) (same); *Barton*, 535 F. Supp. 3d at 246–47 (same); *Oldrey v. Nestle Waters N. Am., Inc.*, No. 21 CV 03885 (NSR), 2022 WL 2971991, at *7 (S.D.N.Y. July 27, 2022) (same); *Petrosino v. Stearn's Prods., Inc.*, No. 16-CV-7735, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (same; "Proper factual allegations should, at least, include the date and method by which [the] [p]laintiff afforded such notice to [the] d]efendant.").

The authority from the Second Circuit generally also supports a finding that a complaint alone does not constitute reasonably sufficient notice. The court in *Lugones* made clear that it was following to majority of its sister courts in holding

that pre-litigation notice is necessary.[10] 440 F. Supp. 3d at 236. The Court in *Barton*

performed the same analysis and also reached the conclusion that "[t]he weight of

authority in this Circuit does not view a complaint to be by itself sufficient

reasonable notice." 535 F. Supp. 3d at 246–47.[11]

---

[10] *Citing Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 144 (E.D.N.Y. 2018) (finding that plaintiff failed to state a breach of warranty claim where no notice was provided prior to filing a complaint); *Singleton v. Fifth Generation, Inc.*, No. 15 Civ. 0474 (BKS) (TWD), 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) (same); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (same).
[11] *Citing Grossman v. Simply Nourish Pet Food Co. LLC*, No. 20-CV-1603 (KAM)(ST), 516 F. Supp. 3d 261, 283, 2021 WL 293774, at *8 (E.D.N.Y Jan. 27, 2021) ("[T]he Court concludes that plaintiff failed to allege pre-suit notice as required for a breach of express warranty claim."); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 144 (E.D.N.Y. 2018) (holding that the plaintiff failed to state a breach of warranty claim where the complaint made "no allegations and state[d] no facts showing that notice was provided to defendant"); *Budhani v. Monster Energy Co.*, 20-cv-1409 (LJL), 2021 WL 1104988, at *11 (S.D.N.Y. Mar. 22, 2021) (dismissing the plaintiff's breach of warranty claims for failure to provide timely notice); *Colpitts v. Blue Diamond Growers*, 20 Civ. 2487 (JPC), 2021 WL 981455, at *17 (S.D.N.Y. Mar. 16, 2021) (dismissing the breach of warranty claim with prejudice because the plaintiff's "failure to satisfy the pre-suit notice requirement [was] fatal"); *Cosgrove v. Or. Chai, Inc.*, 19 Civ. 10686 (KPF), 520 F.Supp.3d 562, 584–86, (S.D.N.Y. Feb. 21, 2021) (dismissing breach of warranty claims because the plaintiffs neglected to give any notice); *Niles v. Beverage Mktg. USA, Inc.*, No. CV191902SJFARL, 2020 WL 4587753, at *6 (E.D.N.Y. Apr. 16, 2020) ("Even if the plaintiffs were correct that the defendant companies were on notice that there is an issue with the product by virtue of [a different] lawsuit, the plaintiffs have not pointed to any law that relieves them of their own obligation to provide notice before seeking a remedy."); *Singleton v. Fifth Gen., Inc.*, No. 5:15-CV-474 (BKS) (TWD), 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016) ("Plaintiff's express warranties claim must fail because there is no allegation that he made a timely notification to Defendant of any breach of warranty."); *Quinn*, 958 F. Supp. 2d at 544 ("To assert a breach of warranty claim under . . . New York . . . law, a buyer must provide the seller with timely notice of the alleged breach of warranty."); *In re Frito-Lay*, 2013 WL 4647512, at *27 (dismissing the plaintiffs' breach of warranty claims under New York law because the plaintiffs failed to allege that they had provided sufficient notice to the defendants); *Hubbard v. Gen. Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996)

Accordingly, the great weight of authority in this District supports a finding that pre-litigation notice is required in order to bring a claim for breach of implied warranty. Other courts have examined this very issue and reached the precise opposition conclusion of that which is detailed in this Court's Order by necessarily giving life to the complete sentence at issue in *Panda Capital*.

### C.    Policy considerations support that pre-litigation notice is required.

The policy reasons behind the U.C.C.'s notice requirement also support pre-litigation notice. Notice requirements exist with the goal of facilitating prompt resolution, encouraging remedying of alleged breaches, allowing the seller to make repairs, and avoiding undue prejudice against the seller. *Great Am. Ins. Co. v. M/V HANDY LAKER*, No. 96 CIV. 8737 (BSJ), 2002 WL 32191640, at *10 (S.D.N.Y. Dec. 20, 2002) (citing *Standard Alliances Indus., Inc. v. The Black Clawson Co.*, 587 F.2d 813, 826 (6th Cir. 1978)) ("proper notice minimizes the possibility of prejudice to the seller by giving him ample opportunity to cure the defect, inspect the goods, and investigate the claim or do whatever may be necessary to properly defend himself or minimize his damages. . . ."); *see also Koenig Iron Works, Inc. v. Sterling Factories, Inc.*, No. 89 CIV. 4257 (THK), 1999 WL 178785, at *6 (S.D.N.Y. Mar. 30, 1999) ("One of the primary purposes of the notification requirement is to enable a seller to cure its breach or make repairs."). If a seller only receives notice of an alleged defect once a complaint has been filed, the seller can no longer quickly provide a remedy,

---

(dismissing the plaintiff's breach of warranty claims because the complaint "lack[ed] any allegation that plaintiff notified [the defendant] of the claimed defect")).

cure the breach, or offer prompt settlement.[12] If the notice requirement does not require pre-litigation notice, the requirement is devoid of any value. This is supported by the very text of N.Y. U.C.C. § 2-607(3); it provides that the buyer must provide notice of breach "or be barred from any remedy[.]" N.Y. U.C.C. § 2-607(3). A clause barring remedy absent notice is of little value if a plaintiff has already filed an action, thereby electing not to pursue any out-of-court remedy.

Here, it is undisputed that Plaintiffs did not provide pre-litigation notice. If this Court finds that pre-litigation notice is required under N.Y. U.C.C. § 2-607(3)— just as the courts did in *Lugones*, *Barton*, and all cases they cite by their sister circuits, and as is supported by general policy considerations—then Plaintiffs claim for breach of implied warranty must be dismissed.

---

[12] The Court made clear that it is aware of—and being cautious of—the policy implications of this case. The Order expressed concern that the failure to provide pre-suit notice would simply be circumvented by Plaintiffs' counsel finding a new plaintiff and providing proper notice before filing suit, thereby wasting judicial resources. (*See* Order at p. 7, n. 7.) However, had Plaintiffs actually provided notice of the alleged breach pre-suit then the offer to refund Plaintiffs for their purchase once they identify the products that were purchased and the price paid for them would have been one they could not have rejected. (*See* ECF No. 29.) Thus, prospectively, a decision to require pre-litigation notice more properly facilitates responsible use of resources. And, respectfully, any future potential plaintiffs' claims would necessarily be resolved before ever hitting the docket, or there would likely be a claim for breach of the *express* warranty.

## Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion for Reconsideration and reconsider its decision not to dismiss Plaintiffs' breach of implied warranty claim.

NELSON MULLINGS RILEY & SCARBOROUGH LLP

By:   *s/ David J. Carrier*
David J. Carrier (admitted pro hac vice)
1600 Utica Ave. S, Suite 750
Minneapolis, MN 55416
Telephone: 612.464.4500
david.carrier@nelsonmullins.com

Lisa A. Herbert
330 Madison Avenue, 27th Floor
New York, NY 10017
Telephone: 212-413-9000
lisa.herbert@nelsonmullins.com

*Attorneys for Defendant Target Corporation*