```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIEKE BAYNE and ALYSSA HART, individually on behalf of themselves and all others similarly situated,

                Plaintiffs,

-against-

TARGET CORPORATION,

                Defendant.

1:21-cv-05938 (MKV)

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND RULING ON JURISDICTIONAL ISSUE**

---

MARY KAY VYSKOCIL, United States District Judge:

On September 23, 2022, the Court issued an Opinion and Order granting in part and denying in part Defendant's Motion to Dismiss. [ECF No. 51] ("Op."). Defendant now moves for reconsideration of that decision to the extent it did not dismiss Plaintiffs' breach of implied warranty claim. [ECF Nos. 54-55] ("Mot."). Specifically, Defendant argues that the Court erred in concluding that Plaintiffs' complaint satisfied the notice requirement under New York law.

Reconsideration of an opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *Schansman v. Sberbank of Russia PJSC*, No. 19 Civ. 2985, 2022 WL 4813472, at *1 (S.D.N.Y. Sept. 30, 2022) (citation omitted). The standard must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Girl Scouts of the U.S.A. v. Boy Scouts of Am.*, No. 18 Civ. 10287, 2020 WL 6323130, at *1 (S.D.N.Y. Oct. 28, 2020) (citation omitted). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of*

1

*Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

Defendant's motion is entirely without merit. It does not identify any intervening change of the law, introduce any new evidence, or reveal any clear errors. It merely rehashes old arguments, quibbles with the Court's interpretation of New York law, and states that "the total tally of authority [within this Circuit] weighs heavily in favor of requiring pre-suit notice." Mot. at 13. This is an abuse. The Court may (now) be in the minority on the issue of pre-suit notice, but tallies and trends of non-binding precedent can never outweigh the need for independent analysis of New York state law, which governs the claim at issue. And while Defendant may be disappointed with the Court's analysis, a motion for reconsideration is an improper outlet for its dismay.

The breach of implied warranty claim thus survives. The only question now is whether the Court retains subject matter jurisdiction over this claim given that all other claims (including the one federal claim) have been dismissed. The parties have taken the position, despite the fact that the Amended Complaint had not previously relied on diversity jurisdiction, that subject matter jurisdiction still exists based on the Class Action Fairness Act. [ECF No. 57]. The Court agrees. This is a case in which at least one member of the putative class action is diverse from the defendant; the matter in controversy plausibly exceeds the sum of $5,000,000; and the number of members of the proposed class exceeds 100. *See* 28 U.S.C. § 1332(d). Therefore, the Court may and does assert jurisdiction over the breach of implied warranty claim.

The Clerk of Court respectfully is requested to close the Motion at ECF No. 55.

**SO ORDERED.**

**Date:   October 19, 2022**
       **New York, NY**
                                   **MARY KAY VYSKOCIL**
                                   **United States District Judge**